Banks v Bogopa, Inc. (2021 NY Slip Op 02236)





Banks v Bogopa, Inc.


2021 NY Slip Op 02236


Decided on April 13, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 13, 2021

Before: Kapnick, J.P., Kern, Singh, Scarpulla, JJ. 


Index No. 23168/17E Appeal No. 13563 Case No. 2020-01943 

[*1]Muriel Banks, Plaintiff-Respondent,
v
Bogopa, Inc., et al., Defendants-Appellants, The Feil Organization, Inc., Defendant.


Sobel Pevzner, LLC, New York (Lisa Viscardi of counsel), for appellants.
Burns & Harris, New York (Jason S. Steinberg of counsel), for respondent.



Order, Supreme Court, Bronx County (Julia Rodriguez, J.), entered September 23, 2019, which, to the extent appealed from as limited by the briefs, denied the Bogopa defendants' motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Plaintiff was shopping in a supermarket operated by the Bogopa defendants when she slipped on blueberries. She commenced this personal injury action alleging that various defendants were negligent in the ownership, maintenance and control of the premises, which was a proximate cause of her alleged injuries.
The Bogopa defendants moved for summary judgment to dismiss the complaint. In support of their motion, the Bogopa defendants submitted, among other things, a store incident report which checked a "yes" box when asked if the incident was captured on video, which should be preserved.
Plaintiff opposed the Bogopa defendants' motion and cross-moved for an adverse inference charge, claiming that defendants destroyed the surveillance video of the incident, or, at the very least, failed to preserve it.
The court denied plaintiff's cross motion without prejudice, stating that plaintiff's "submission did not establish that a video exists in the first instance; . . . , and there exists issues of fact and credibility as to whether a video recorded the incident." It also denied the Bogopa defendants' motion for summary judgment. The Bogopa defendants appeal.
The record presents contradictory statements from the Bogopa defendants regarding whether surveillance videos recording the time and location of plaintiff's fall were available and should have been preserved pursuant to an express video-preservation directive in the incident report prepared by the Bogopa defendants following plaintiff's accident. While the incident report mentions a surveillance recording, the Bogopa defendant's employee testified that he did not "know of" any surveillance cameras in the supermarket.
The Bogopa defendants argue in their motion for summary judgment that there is no evidence that establishes the existence of surveillance cameras in the supermarket. We disagree. Where, as here, potential video evidence existed of the alleged hazardous location that may have been of assistance to plaintiff in establishing whether defendants created and/or had notice of an alleged slippery, blueberry-strewn floor hazard, the
motion by the Bogopa defendants for summary judgment dismissing the complaint against them should be denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 13, 2021